IN THE WASHINGTON COUNTY CIRCUIT COURT
AT JONESBOROUGH, TENNESSEE

Filed _12_ day of
_OCT_ 20_11_ at
_4:35_ o'clock _P_ M

Karen Guinn, Clerk

PEGGY GRIFFIN and husband, RUSSELL GRIFFIN,
   Plaintiffs,

v.

WAL-MART STORES, INC.,
   Defendant.

Case No. 29886

JURY DEMANDED

## COMPLAINT

Come Plaintiffs Peggy Griffin and husband, Russell Griffin, file this Complaint against Defendant Wal-Mart Stores, Inc., and state as follows:

1. Plaintiffs are citizens and residents of Washington County, Tennessee.

2. Defendant is a foreign corporation authorized to do business in Tennessee, and can be served with process through its registered agent, CT Corporation System, at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3. Defendant owned and operated a store known as Wal-Mart Store No. 1080 (hereinafter referred to as the "Store"), located at 3111 Browns Mill Road, Johnson City, Washington County, Tennessee which is open to and sells to the public groceries and dry goods.

4. Defendant invited the general public, including plaintiffs, to enter the premises of the store and to purchase various items from Defendant.

5. On or about October 16, 2010, Plaintiffs entered the Store.

6. The reason Plaintiffs entered the Store was to purchase items from Defendant.

HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT.
KAREN GUINN, CLERK

1

7. After entering the store, Plaintiff Peggy Griffin proceeded to health and beauty department when suddenly and without warning Plaintiff Peggy Griffin slipped on an unknown substance and fell violently to the floor, causing Plaintiff Peggy Griffin to sustain the serious injuries and damages described below.

8. Defendant, as an owner and operator of a grocery and dry goods store open to the general public, owed a duty to their customers, including Plaintiffs, to keep the premises of the store, including the floors and aisles, in a reasonably safe condition for use by their customers.

9. Defendant, in breach of the duty described herein, negligently and carelessly:

a. Failed to maintain the floor of the Store in a reasonably safe condition;

b. Allowed a slippery substance to come into contact with and remain on the floor of the Store when defendant knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers in the store;

c. Failed to warn Plaintiffs of the danger presented by the presence of the slippery substance on the floor;

d. Failed to install a nonslip surface on the floor of the Store; and

e. Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

10. Plaintiffs further allege that Defendant willfully and intentionally took affirmative action to distract Plaintiff Peggy Griffin's attention from where she was walking in the Store to the display and shelf area where Defendant was attempting to entice Plaintiffs to purchase its goods.

2

11.     Defendants owed Plaintiffs a duty of reasonable care for the protection of Plaintiffs, which Defendant negligently breached. Defendant negligently breached its duty of care to Plaintiffs, thereby proximately causing Plaintiffs to suffer the injuries and damages alleged herein.

12.     As a direct and proximate result of the conduct of Defendant as set forth herein, Plaintiff Peggy Griffin slipped and fell while in the Store.

13.     As a direct and proximate result of the conduct of Defendant as set forth herein, Plaintiff Peggy Griffin sustained the following serious injuries and damages:

  a.  Severe and permanent injuries, either aggravated and/or precipitated by the wrongs complained of herein including, but not limited to: Injuries to Peggy Griffin's entire central nervous and emotional system.

  b.  Fright and shock.

  c.  Great physical pain and mental anguish, past, present, and future.

  d.  Permanent impairment and/or disfigurement.

  e.  Past, present, and future impaired ability to enjoy the normal pleasures of life.

  f.  Broken left leg.

  g.  Broken left upper arm.

  h.  Contusions to entire left side of body.

  i.  Injuries to the body as a whole.

  j.  Physical pain and suffering.

  k.  Psychological trauma.

14.     As a direct and proximate result of the conduct of Defendant as set forth herein, Plaintiff Russell Griffin was caused to suffer and incur the following injuries and damages:

3

(a) Loss of consortium.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs sue the Defendant for compensatory damages in the amount of $1,000,000.00 and for the cost of this cause. Plaintiffs seek any other and further relief this Court deems just and proper. Plaintiffs demand a jury to try the cause.

Respectfully submitted,

PEGGY GRIFFIN and husband, RUSSELL GRIFFIN

Arthur M. Fowler, III, BPR No. 22086
Fowler & Fowler, PLLC
130 East Market Street
Johnson City, Tennessee 37604
Telephone    (423) 929-3000
Facsimile     (423) 929-8562

4