UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PEGGY GRIFFIN, and husband, )
RUSSELL GRIFFIN, )
 )
        Plaintiffs, )
 )
v. ) NO.: 2:11-CV-365
 )
WAL-MART STORES EAST. LP, )
 )
        Defendant. )

MEMORANDUM OPINION AND ORDER

This slip and fall premises liability action is before the Court on defendant's Motion for Summary Judgment, [Doc. 28]. The plaintiff has responded, [Doc. 39], and the matter is ripe for review. For the reasons that follow, the motion will be GRANTED.

**I. Facts**

The facts taken in the light most favorable to the plaintiffs are as follows: On October 16, 2010, Plaintiff Peggy Griffin, who was 76 at the time, fell at the Johnson City, Tennessee Wal-Mart store. She fell at approximately 11:58 a.m. in the health and beauty aids department in the "shampoo aisle." Ms. Griffin stated that she slipped and fell on something slippery but dry on the floor. Shift Manager Hope Dugger testified that where Ms. Griffin fell was slippery. Employee Danielle Calhoun who was instructed to clean the area stated that the area was "slick as ice." It was so slippery that she almost fell.

The plaintiffs claim that Wal-Mart knew of the dangerous condition on the floor because prior to Ms. Griffin's fall, an unidentified person shown on the store's surveillance video appears to examine the floor area where Ms. Griffin fell. The person and her male companion leave the

1

area in the direction of the pharmacy. They then return to the area approximately two minutes later and continue shopping.

The plaintiffs also claim that Wal-Mart had constructive knowledge of the dangerous condition of the floor because of the manner in which it conducts its business. According to plaintiff's reading of Wal-Mart's practices, safety sweeps of the store were to occur every 30 minutes. One had not occurred between 10:59 a.m. and 11:58 a.m.

## II. Standard of Review

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of

---

[1] Wal-Mart's motion for summary judgment states that it is made "pursuant to Tenn. R. Civ. P. 56," [Doc. 28], and references "Tenn. Code Ann. § 20-16-101 and *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2001)," both of which discuss the Tennessee standard for summary judgment. Plaintiffs correctly argue, however, that the pending motion is governed by the standard of Federal Rule of Civil Procedure 56 and not by state law. Plaintiffs further argue that Wal-Mart's motion should be denied for this reason alone. Wal-Mart acknowledges, however, in its memorandum that the Federal Rules of Civil Procedure control the procedural issues in the case and discuss the appropriate federal standard for decision of the motion. There has been no prejudice to plaintiffs from Wal-Mart's reference to the Tennessee rules and the motion will not be denied on that basis.

evidence is not enough.  *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000).  This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.  *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.  If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment.  *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings.  *Anderson*, 477 U.S. at 256.  Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue.  *Id.*  Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment.  *Id.*  A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary.  *Id.* at 248-52.

**III.  Analysis**

In this diversity action, the Court must apply the substantive law of the state in which it sits.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Thus, Tennessee substantive law applies.  The Tennessee Court of Appeals set forth the elements of a premises liability action in *Williams v. Linkscorp Tennessee Six, LLC*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006).  That court stated:

> To establish a prima facie case for premises liability based upon negligence, the plaintiff must prove (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a breach of a duty; (3) an

3

> injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000). For the premises owner to be liable for a dangerous and defective condition on his property, the plaintiff must prove each of the elements of negligence and either (1) that the condition was caused or created by the premises owner or his agent, or (2) if the condition was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the dangerous or defective condition prior to the accident. *Blair v. West Town Mall*, 130 S.W.3d at 764. A plaintiff can establish constructive notice by showing "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence," making the dangerous condition reasonably foreseeable to the premises owner. *Id*. at 765-66. In the alternative, constructive notice can be established by proving that the dangerous condition existed for a sufficient length of time that the premises owner, by exercising due care, should have discovered the dangerous condition. *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641-42 (Tenn. 1986); *see also Blair*, 130 S.W.3d at 764, 766 n. 1.

*Id*.

First, Wal-Mart argues that it did not owe the plaintiffs a duty. An owner of business premises owes a general duty to its customers to use reasonable care to make the premises safe. *See Hudson v. Gaitan*, 675 S.W.2d 699, 703 (Tenn. 1984). Reasonable care requires an owner or possessor not to create or maintain dangerous conditions on the property, *see Baisley v. Rain, Inc.*, 29 S.W.3d 879 (Tenn. Ct. App.2000), and to remove or warn customers of a dangerous condition about which the owner knows or reasonably should know, *see Eaton v. McClain*, 891 S.W.2d 587, 594 (Tenn. 1994). A condition is dangerous if it is reasonably foreseeable that the condition will cause injury and that a reasonably careful person would not maintain the premises in such a state. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995).

As noted above, this Court must view the facts in the light most favorable to the plaintiffs. According to Wal-Mart's Shift Manager Hope Dugger, the floor where Ms. Griffin

4

fell felt different than the surrounding area. She stated in her deposition that it was "a little slippery." Further, Wal-Mart Employee Danielle Calhoun stated in her declaration that she was instructed to clean the area where Ms. Griffin fell. She stated that she did not see any residue or foreign material but it was "slick as ice" and more slippery than the rest of the floor. The declaration refers to the area as having "an invisible dry slippery film." Although it is a close call, this Court cannot find that there is no material issue of fact as to whether there was a dangerous condition due to the testimony of Wal-Mart's own employees. If there was an invisible "dry slippery film" that was "slick as ice," then it could have been a dangerous condition. Put simply, there is an issue of fact as to this issue.

The question now becomes whether there is an issue of fact as to reasonable foreseeability that the condition would cause injury and that a reasonably careful person would not maintain the premises in such a state. Viewing the condition of the floor in the light most favorable to the plaintiffs, this Court finds that there is an issue of fact as to foreseeability. Where a floor is "slick as ice" in one particular spot it is reasonably foreseeable that someone could fall and be injured. Furthermore, a reasonably careful person would not maintain the premises in such a state. The Court has read the cases cited by the defendant and considered its arguments. However, just because other customers walked in that area prior to the fall and did not fall themselves does not demonstrate that there is no genuine issue of fact.

Second, Wal-Mart argues that there is no genuine issue of material fact that it had actual or constructive notice of the condition before the accident. Here, the plaintiffs presented evidence through the store's surveillance video that an unidentified female and her male companion, at 11:46 a.m., noticed the floor was slippery and one even slipped. They left the area in the direction of the pharmacy. Then they returned to the shampoo aisle minutes later and

5

continued shopping. Plaintiffs argue that one can infer that this unidentified couple informed Wal-Mart of the floor's condition.[2]

Regarding actual notice, there must be evidence from which the jury could conclude that the defendant had actual notice prior to the accident such that it had a reasonable opportunity to correct or warn against the condition before the accident occurred. *See City of Knoxville v. Ferguson*, 585, 241 S.W.2d 612, 615 (Tenn.App.1951). The evidence offered by the plaintiffs is not evidence of actual notice. They presented no evidence that the unidentified couple actually told any Wal-Mart employee of the floor's condition. The circumstantial evidence from the video is not enough to create an issue of fact.

"If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence." *Hardesty v. Service Merchandise Co., Inc.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997). "Where there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements." *Id.* at 683. Nonetheless, "[t]he length of time the condition existed is not the only factor to be considered in determining whether or not the proprietor had constructive notice of the danger. One must take into consideration the nature of the business, its size, the number of patrons, the nature of the danger, [and] its location along with the foreseeable consequences." *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973).

---

[2] Plaintiffs suggest in their response to the motion for summary judgment that the Court should defer ruling on the pending motion to allow plaintiffs an opportunity to find one or both of these individuals, who *may* testify that Wal-Mart was notified of the condition of the floor. Plaintiffs, however, have known of the existence of this unidentified couple for more than a year and half, and make no reasonable showing that they can be found or what their testimony might be.

6

Here, the source of the slippery condition is unknown and the time that the floor became slippery is unknown. It seems plaintiffs would have one infer that it was shampoo that had spilled and had been on the floor long enough to dry. They further argue that a timely safety sweep of the floor would have revealed the condition. The undisputed fact remains that there is no proof as to what the substance was or when it came to be on the floor. Thus, "it would be improper to permit the jury to speculate on these vital elements." *Hardesty*, 953 S.W.2d at 683.

Third, the plaintiffs argue that their case survives summary judgment based on the "method of operation" theory. The Tennessee Court of Appeals set forth the law governing this theory of constructive notice in *Blair v. West Town Mall*, 130 S.W.3d 761, 765-66 (Tenn. Ct. App. 2004).

> [I]n Tennessee, plaintiffs may prove that a premises owner had constructive notice of the presence of a dangerous condition by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence. This approach focuses directly on a principle firmly established in our case law—that a premises owner's duty to remedy a condition, not directly created by the owner, is based on that owner's actual or constructive knowledge of the existence of the condition. It simply recognizes the logical conclusion that, when a dangerous condition occurs regularly, the premises owner is on constructive notice of the condition's existence. This places a duty on that owner to take reasonable steps to remedy this commonly occurring dangerous condition.
> Allowing plaintiffs to prove constructive notice in this manner relieves plaintiffs of the difficult burden of showing the duration of a particular occurrence so long as plaintiffs can show that the dangerous condition was part of "a pattern of conduct, a recurring incident, or a general or continuing condition" such that its presence was reasonably foreseeable to the premises owner.

*Id*. Specifically, the plaintiffs argue that according this particular store's policy, a safety sweep should have been done at least every thirty minutes, that such a sweep would have revealed the

7

condition, and that the spill was not recent because it was invisible and dry. Thus, they argue that this method of operation provides constructive notice.

Wal-Mart characterizes this as a new argument and points out that the plaintiffs did not plead this theory. Wal-Mart further argues that the plaintiffs have misstated the theory and it does not apply in this case. According to *Martin v. Washmaster Auto Center, USA*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996), plaintiffs must prove that the defendant's method of operation created a hazardous situation foreseeably harmful to others. *Id*. Here, the plaintiffs claim that Wal-Mart's method was to safety sweep the floors at least every 30 minutes. There is no way that a failure to sweep the floor every 30 minutes would put Wal-Mart on constructive notice. While the opposite may be true, this Court fails to see how not following its alleged policy created a hazardous situation foreseeably harmful to others, especially where there was no duty to constantly inspect the premises. It is too speculative and not what the "method of operation" theory contemplates. The plaintiffs are basically arguing that not doing something equates to a method of operation that creates a hazardous situation foreseeably harmful to others. This is too speculative to survive summary judgment.

Moreover, Wal-Mart's maintenance employee testified that, during his 23 years in maintenance with Wal-Mart, he had never seen an accident where someone slipped on an invisible substance never identified. He testified he had never encountered a substance that degreaser would not remove, and the employees used degreasers to clean up spills. The plaintiffs presented no evidence of similar spills on a recurring basis in this aisle; the plaintiffs presented no evidence at all of any spills or instances where people slipped and fell in a similar manner. There is no genuine issue of material fact that the dangerous condition was part of a

8

pattern of conduct, a recurring incident, or a general or continuing condition such that its presence was reasonably foreseeable to Wal-Mart.

## IV. Conclusion

For the reasons set forth above, the motion is GRANTED, [Doc. 28]. The case is hereby DISMISSED on the merits. A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

9